**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      25-AP-084



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

NOVEMBER TERM,   2025

| | |
|---|---|
| State of Vermont v. Johnathan Ruiz* } | APPEALED FROM: |
| } | Superior Court, Washington Unit, |
| } | Criminal Division |
| } | CASE NO. 24-CR-09272 |
| | Trial Judge: Michael J. Harris |

In the above-entitled cause, the Clerk will enter:

Defendant was charged with two misdemeanor counts of cruelty to animals in violation of 13 V.S.A. § 352. In connection with these charges, the State moved for an animal-forfeiture order under 13 V.S.A. § 354, which the court granted. Defendant challenges the forfeiture order on appeal. We affirm.[1]

Civil forfeiture requires a prerequisite finding that an animal was "subjected to cruelty, neglect, or abandonment in violation of section 352 or 352a." 13 V.S.A. § 354(f)(1). As relevant here, a person commits the crime of cruelty to animals under § 352 if the person "tortures," "torments," or "cruelly harms" an animal. Id. § 352(2). The statute defines "torture" or "torment" in relevant part to mean "an act by an animal owner . . . whereby physical pain, suffering, or death is caused or permitted to be caused to an animal." Id. § 351(10). The State bears the "burden of establishing by clear and convincing evidence that the animal was subject to cruelty" as defined by statute. Id. § 354(f)(1).

The court held several evidentiary hearings at which numerous witnesses testified, including defendant and various individuals who observed him interact with his dog. The court made the following findings. Defendant lived in an apartment in downtown Montpelier. He owned a male Cane Corso dog named "Galaxy." Galaxy was born in September 2023, and defendant owned the dog since it was about four months old. Galaxy has a brindle coat and is a

---

[1] Defendant's criminal charges remain pending. "The civil forfeiture proceeding is intended to run independently from any criminal prosecution and shall not be delayed pending disposition of any criminal proceeding." 13 V.S.A. § 354(d). By statute, the "testimony or other information presented by the defendant in connection with a forfeiture proceeding . . . or any information directly or indirectly derived from such testimony or other information" cannot "be used for any purpose, including impeachment and cross-examination, against the defendant in any criminal case, except a prosecution for perjury or giving a false statement." Id. § 354(f)(3).

very large dog. Galaxy weighed eighty pounds in May 2024 when he was eight-months old. Defendant frequently walked Galaxy around the Baird Street neighborhood.

On July 9, 2024, a witness observed defendant interacting with Galaxy. She had a clear and close view of defendant and his dog. The witness testified that defendant was yelling at Galaxy and grabbing the dog's attached leash and pulling him along the ground. At one point, he lifted the dog well clear of the ground and purposely released the dog with sharp arm movements toward the ground. At that point, or another point, the dog squealed. Defendant kicked and punched the dog multiple times. The kicks were forceful and aggressive. At times, defendant dragged the dog by the neck along the asphalt by pulling on the leash. The witness observed the dragging, kicking, and hitting lasted about seven-to-ten minutes. During the encounter, she observed and heard defendant repeatedly yell at Galaxy with loud, profanity-laced language with directives to the dog to move in the intended direction. The witness called police as she observed the interaction. She identified defendant in court as the person she observed that day.

A second witness testified that she observed a dog being mistreated on the same day in the same area. She was in her apartment, heard yelling, and looked outside. She saw a man and dog on the sidewalk, gradually moving up the street. The man had a large dog and the witness's description was consistent with Galaxy's appearance. She saw the owner yelling and swearing at the dog and pulling it by a leash around its neck; the owner delivered one or more brisk kicks to the dog. The court found that the witness credibly described what she saw, which was consistent with the testimony of the first witness. The court noted, however, that this witness was unable to say at the hearing if defendant was the person she observed as she had not gotten a clear look at the person's face during the July 2024 event. The Montpelier police responded to two calls about mistreatment of a dog that day, but they could not find the described individual.

In early September 2024, Galaxy urinated in defendant's apartment and defendant took the dog outside and attached it to a tree using a leash. Defendant's upstairs neighbor heard yelling and recognized defendant's voice. She looked out her window and saw defendant and Galaxy outside. Defendant dragged the dog, which was laying on its side, to a tree with an attached leash. She saw defendant kick the restrained dog three times with hard kicks. The neighbor called police. Following the police visit, the neighbor heard defendant's voice and other sounds from the apartment below. She heard defendant yell something like "you made the police come here—look what you did" and heard banging sounds and sounds of a dog whimpering and crying.[2] The neighbor called the police again. The neighbor knew defendant and confirmed in court that defendant was the person she observed that day.

On the same day, another witness heard a ruckus and looked outside and saw a man kicking a dog on the sidewalk. She yelled out, "hey," and the man turned to face her and responded, "hey what?" and moved towards her. She was scared, closed her window, and hustled her children to school. This witness heard another voice call out, "hey, what is wrong with you?" but was unsure if that was the person with the dog or someone else observing what was occurring on the sidewalk. The witness made a police report that day. She saw the man's face during the encounter and testified that she believed defendant was the person she observed

---

[2] Contrary to defendant's assertion, the court did not strike the neighbor's testimony that she heard the dog whimpering and crying in defendant's apartment. Instead, it construed her testimony that she heard defendant kicking the animal to mean that she heard some banging noises from defendant's apartment, along with the whimpering and crying.

that day. The police subsequently obtained a search warrant and seized the dog. As indicated above, defendant was charged with two counts of animal cruelty and the State moved for an animal-forfeiture order.

Based on these and other findings, the court concluded that the State proved by clear and convincing evidence that defendant subjected Galaxy to cruelty in violation of 13 V.S.A. § 352 by torturing or tormenting the dog. As the court explained, on two separate occasions, defendant intentionally subjected Galaxy to sharp and vigorous kicks, delivered while defendant was frustrated by the dog's lack of response to efforts to take a walk. Defendant also repeatedly dragged the approximately eighty-pound dog, pulling him by his neck leash over the ground as the dog refused to move as desired. Defendant kicked the dog with full swings of his leg, similar to the way in which someone would kick a soccer ball some distance. Defendant also lifted the dog up several feet off the ground and, while holding the dog sideways, swiftly dropped it onto its side by briskly removing his arms supporting the dog's weight. These actions, including repeated kicking and leash dragging during a single encounter, created needless and excessive physical pain or suffering to Galaxy. The court noted that the intentional striking or kicking of an animal with sufficient force to cause it substantial pain supported criminal convictions under animal-cruelty statutes in other states. The court thus ordered defendant to immediately forfeit Galaxy under 13 V.S.A. § 354 to the City of Montpelier or its appropriate designees to dispose of the dog (including sale or new owner placement). Pursuant to 13 V.S.A. § 354(g)(1), the court recognized that defendant would also be liable for all reasonable costs incurred by the City in caring for Galaxy. This appeal followed.

Defendant argues on appeal that there was insufficient evidence to support the court's conclusion that the actions described above—kicking, dragging, punching, and dropping the dog—caused physical pain or suffering to Galaxy. He contends that the court could not infer that the dog suffered any pain from these acts and that the dog's pain needed to be established by other evidence. He contends that the testimony that the dog squealed once does not suffice.

Our review is deferential. The court's conclusions will stand "where they are reasonably drawn from the evidence presented." Jackson v. Jackson as Tr. for William Jackson Tr. of 1939 & the William Jackson Tr. of 1941, 2025 VT 29, ¶ 22 (quotation omitted). Because "the standard of proof is clear and convincing evidence, we will uphold trial court findings as long as there is substantial evidence to support them although they are contradicted by credible evidence." Vt. Women's Health Ctr. v. Operation Rescue, 159 Vt. 141, 147 (1992). We view the evidence in the light most favorable to the prevailing party. Id. "We rely on the factfinder's assessment of the credibility of the witnesses and its weighing of the evidence." Id.

As indicated above, to demonstrate animal cruelty sufficient to warrant civil forfeiture, the State must establish cruelty "by clear and convincing evidence," 13 V.S.A. § 354(f)(1), here, "an act by an animal owner . . . whereby physical pain, suffering, or death is caused or permitted to be caused to an animal." Id. § 351(10). This standard of proof necessitates that "the existence of the contested fact[s]" be "highly probable." In re N.H., 168 Vt. 508, 512 (1998) (quotation omitted). The court did not err in deeming this standard satisfied here.

The statute does not require proof by "independent evidence" that defendant committed an act that caused his dog pain. Nor is there a requirement that an animal make a noise to show pain, as defendant suggests, or that it make a certain amount of noise, or that a veterinarian or other expert testify that the animal suffered pain. While in one of the cases cited by the trial court, the dog did cry and whimper, the court there did not hold that such showing was required

3

or suggest a certain level of whimpering that must be demonstrated to show animal abuse. See People v. Minutolo, 215 A.D.3d 1260, 1261 (N.Y. App. Div. 2023) (finding evidence "legally sufficient to establish that [defendant] 'cruelly beat' the dog in question" where "video evidence and the testimony of the two witnesses to the incident established that defendant punched the dog three to five times with a closed fist while the animal whimpered and cried" (alteration omitted)). Each case must be decided on its own facts, and it was for the trial court, as factfinder, to weigh the evidence, including the fact that the dog squealed at least once during these episodes.

"We have upheld findings of clear and convincing evidence of cruelty in a variety of circumstances" including "where animals were denied drinking water for long periods, frequently restrained in small cages, and received inadequate medical care, were inexplicably thin, suffered from nutrient deficiency, and had received inadequate medical attention, and were dehydrated, underweight, and had parasites." State v. Washburn, 2024 VT 45, ¶ 15, 219 Vt. 552 (quotations omitted). The court could reasonably infer from the evidence and its findings here—kicking a dog in the stomach multiple times with the force one would use to kick a soccer ball, punching it, dropping it on its side from several feet in the air, dragging it up the sidewalk via a neck leash—at least some of which were inflicted in one seven-to-ten minute episode, would cause the animal physical pain or suffering. See State v. Alers, 2015 VT 74, ¶¶ 23-24, 199 Vt. 373 (recognizing that physical pain can be shown through circumstantial evidence and that "in some cases a [factfinder] may infer that an assault causes pain or injury even in the absence of direct testimony to that effect"). No reasonable person could conclude otherwise. The court's findings support its conclusion that Galaxy was subjected to cruelty by defendant and therefore must be forfeited.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
William D. Cohen, Associate Justice

4